**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| DEVORIOUS MONTEZ WOODEN JONES, | : | MOTION TO VACATE |
| | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | CRIMINAL INDICTMENT NO. |
|     v. | : | 1:10-CR-0453-ODE-JFK-4 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL FILE NO. |
|     Respondent. | : | 1:14-CV-1000-ODE-JFK |
| | : | |

**UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

Movant has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal sentence entered in this Court under the above criminal docket number. The matter is before the Court on the motion to vacate, as amended [191, 192],[1] Respondent's response [198], and Movant's reply [201]. For reasons discussed below, Movant's motion to vacate is due to be denied.

---

[1] Movant's second motion for an extension of time in which to file a § 2255 motion [191] was construed as a motion to vacate and his subsequently filed motion [192] was construed as a motion to amend, which was granted in part to allow his claim of cumulative error. (Order of Sept. 26, 2014, at 5, ECF No. 196).

## I. Background

The facts, as agreed to by Movant, show that in October 2010 Movant participated in the robbery of a Loomis Armored Truck while it was stopped at the DeKalb Medical Center in Decatur, Georgia. Movant, Okevilibus Thornton, and Timothy and Troy Stephens jointly planned the robbery, and Movant and Thornton, wearing masks, carried out the robbery. (Resp't Ex. P at 7-9, ECF No. 198-16).

The grand jury for the Northen District of Georgia charged Movant, Thornton, and the Stephenses on the following two counts: (1) conspiracy to commit armed robbery, in violation of 18 U.S.C. § 1951(a), and (2) using and carrying (aided and abetted by each other) a firearm in relation to a crime of violence, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A). (Resp't Ex. A, ECF No. 198-1). Represented by Esther Panitch, Movant pleaded guilty to Count One and proceeded to a bench trial on Count Two, on which the Court found Movant guilty. (Resp't Ex. C, ECF No. 198-3; Resp't Ex. N at 175, ECF No. 198-14). The Court imposed consecutive sentences of forty-six and eighty-four months. (See Resp't Ex. F, ECF No. 198-6). On November 20, 2012, the Eleventh Circuit Court of Appeals affirmed. (Resp't Ex. H, ECF No. 198-8). On March 25, 2013, the United States Supreme Court denied *certiorari*. (Letter of March 25, 2013, ECF No. 185).

In his § 2255 motion, Movant raises the following grounds for relief: (1) appellate counsel was ineffective for failing to inform him when the United States Supreme Court denied *certiorari*, (2) appellate counsel was ineffective for failing to challenge the sufficiency of the evidence on the § 924(c) charge, (3) trial counsel was ineffective for failing to call Timothy and Troy Stephens as witnesses, (4) trial counsel was ineffective for failing to cross examine witnesses to show that there was no clear identification of the person who possessed the gun, and (5) cumulative error by trial counsel. (Mot. to Vacate at 2, 5-10; ECF No. 191; Mot. to Amend, Attach. D, ECF No. 192; see Order of Sept. 26, 2014, at 2, 5).

## II.    28 U.S.C. § 2255 Standard

Section 2255 of Title 28 allows a district court to vacate, set aside, or correct a federal sentence that was imposed in violation of the Constitution or laws of the United States or was imposed by a court without jurisdiction, exceeds the maximum sentence authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255. Collateral relief, however, is limited, and "[o]nce [a] defendant's chance to appeal has been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted" and "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 164-65 (1982). Section 2255 relief "is reserved for

3

transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." Lynn v. United States, 365 F.3d 1225, 1232 (2004) (quoting Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988)) (internal quotation marks omitted); see also Massaro v. United States, 538 U.S. 500, 505-09 (2003) (holding that a constitutional claim of ineffective assistance of counsel generally is properly raised on collateral review in order to allow for adequate development and presentation of relevant facts). On collateral review, it is the movant's burden to establish his right to relief. Mackey v. United States, 221 F. App'x 907, 910 (11th Cir. 2007).

"An evidentiary hearing is not required when 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008) (quoting § 2255). That is the case here, as shown in the discussion below.

4

### III. Discussion

#### A. Ineffective Assistance of Appellate Counsel for Failing to Inform Movant in a Timely Manner that the United States Supreme Court had Denied *Certiorari*

Movant argues that appellate counsel was ineffective for failing to inform him when the United States Supreme Court denied *certiorari*, which Movant asserts he did not discover until approximately one month before his § 2255 motion was due, thereby limiting his ability to file a proper § 2255 motion. (Mot. to Vacate at 2-3). This claim fails. Counsel's failure to timely inform Movant of the denial of *certiorari* involves neither counsel's presentation nor prosecution of the direct appeal or application for a writ of *certiorari*. Movant complains about counsel's deficient performance on this matter only as it relates to his collateral rights. Movant has no constitutional right to counsel in relation to his collateral rights, and this claim fails.[2] See Saunders v. United States, 380 F. App'x 959, 964 (11th Cir. 2010) ("Saunders had no constitutional right to counsel in his § 2255 proceeding[.]").

---

[2] Movant's argument does not bring into question the validity of Movant's convictions and sentences but essentially raises the issue of equitable tolling of the federal limitations period. The undersigned already determined that Movant was not entitled to equitable tolling so that he could add by amendment an additional claim that trial counsel was ineffective in advising him to proceed with a bench trial on the § 924(c) charge. (See Order of Sept. 26, 2014, at 3-5).

5

### B. Ineffective Assistance of Appellate Counsel for Failing to Challenge the Sufficiency of the Evidence on the § 924(c) Gun Charge

At trial, Brenda Lencrerot, a food service hostess with the DeKalb Medical Center, who observed the robbery from a second story window, testified that it looked like the robber with dread locks was carrying a gun when he came out of the armored vehicle carrying money bags. (Resp't Ex. N at 49, 52-54, ECF No. 198-14). Ephraim Lawson, Chef for the DeKalb Medical Center, who observed the robbery transpiring within several feet of where he was standing before he ran back inside the building, testified that he saw one of the robbers watching with a gun in his hand. (Id. at 59-60).

Thornton, co-conspirator and Loomis employee, testified that he pleaded guilty to possessing a firearm during the commission of the robbery at issue; that Movant became involved in the planning approximately two weeks before the robbery; that he and Movant both possessed guns when they twice unsuccessfully attempted a robbery of the truck before the actual robbery; that he and Movant both possessed guns during the actual robbery; that he saw Movant holding his gun during the robbery; and that Movant was wearing his hair in dread locks on the day of the robbery. (Id. at 70-71, 94, 96-99, 106, 107). Thornton testified that Loomis drivers and messengers are required to be armed while working and that he discussed with his co-conspirators,

6

including Movant, the risk of being shot during the robbery.  (Id. at 84, 94-95). Thornton admitted that he had not initially been truthful about the guns "[b]ecause I didn't want to get charged with no gun."  (Id. at 114-15).  On cross-examination, Thornton admitted that previously he stated to the police that he had told his co-defendants that a gun would not be necessary, that he had left his gun in the u-haul (the vehicle they drove to the robbery), and that Movant did not have a gun.  (Id. at 118-19, 124-25).

Cynthia J. Myers, Federal Bureau of Investigation Special Agent, testified that Movant informed her that he had agreed the night before the robbery to participate in the robbery and went out and bought a handgun, that he did participate in the robbery the next day, but that he did not use the gun.  (Id. at 159-60).

On direct appeal, counsel did not raise the sufficiency of the evidence for the § 924(c) charge but raised sentencing claims.  (See Resp't Ex. H at 2; ECF No. 198-8).

In his § 2255 motion, Movant argues that appellate counsel was ineffective for failing to challenge the sufficiency of the evidence on the gun charge. (Mot. to Vacate at 5-7; Mot. to Amend, Attach. C).  In support, Movant asserts that Lencrerot's

7

testimony was insufficient to show that he, Movant, used a gun. (Mot. to Vacate at 6).[3] Movant further asserts that Thornton admitted that he had a gun, that "[e]very witness that testified stated that only one robber had a gun[,]" that "all evidence placed the gun in Mr. Thornton's hand[,]" and that Movant had told an agent that he did not know Mr. Thornton had a gun.[4] (Mot. to Vacate at 6-7).

The government argues that, even if only Thornton possessed a gun, that fact is sufficient under Pinkerton[5] to support Movant's § 924(c) conviction and that counsel was not ineffective for failing to raise sufficiency of the evidence on appeal. (Resp't Resp. at 12-15, ECF No. 198).

---

[3]Movant also argues that Jacquelyn Taylor's testimony – that she saw someone banging with a gun on the armored truck window – was insufficient evidence to show that a robber had a gun because Taylor may have simply observed the truck messenger, Theo J. Price, who after the robbery approached the truck window with his gun drawn. (Mot. to Vacate at 6; see also Resp't Ex. N at 31-32, 36). This argument does not bring into question the other evidence that at least one robber used a gun.

[4]The agent testified that Movant told her that Thornton had told him that he would not need a gun for the robbery. (Resp't Ex. N at 160).

[5]Pinkerton v. United States, 328 U.S. 640, 647-48 (1946) (extending criminal liability for reasonably foreseeable crimes committed in furtherance of a conspiracy).

8

Movant replies that he never knew Thornton would be carrying a gun to accomplish the robbery,[6] that Thornton's initial statements (which he contradicted at trial) support Movant's claim that he never knew Thornton would carry a gun, and that Thornton carrying a gun was not reasonably foreseeable. (Mov't Reply at 3-5, ECF No. 201). Movant also appears to argue that he cannot be held vicariously liable for Thornton's § 924(c) crime because there is insufficient evidence to show that he aided and abetted Thornton's § 924(c) crime. (Id. at 8-10).

This claim is governed by Strickland, which holds that under the Sixth Amendment, a criminal defendant possesses a right to reasonably effective legal assistance. Strickland v. Washington, 466 U.S. 668, 687 (1984). To show constitutionally ineffective assistance of counsel, a petitioner must establish that (1) counsel's representation was deficient and (2) counsel's deficient representation prejudiced him. Id. at 690-92. The Court may resolve an ineffective assistance claim based on either of the above prongs. Bottoson v. Moore, 234 F.3d 526, 532 (11th Cir. 2000). To succeed on a claim of ineffective assistance of appellate counsel, the

---

[6]Movant states several times that he has provided a declaration stating that he never knew a firearm would be used during the robbery. (Mov't Reply at 3, 6). Movant's declaration was not evidence at trial, and it is not used to determine the sufficiency of trial evidence.

9

movant must demonstrate deficient performance by counsel and demonstrate that, if counsel had not performed deficiently, there is a reasonable probability that the appellate outcome would have been favorable to the movant. See Ferrell v. Hall, 640 F.3d 1199, 1236 (11th Cir. 2011).

Here, appellate counsel's duty to raise a sufficiency-of-the-evidence claim is analyzed in light of 18 U.S.C. § 924(c), under which a defendant is guilty if he "uses or carries a firearm" during and in relation to a crime of violence. Aiding and abetting liability under § 924(c) requires "that the defendant actively participated in the underlying . . . violent crime with advance knowledge that a confederate would use or carry a gun during the crime's commission." Rosemond v. United States, _ U.S. _, _, 134 S. Ct. 1240, 1243 (2014). Under Pinkerton, liability under § 924(c) also may be premised on the reasonably foreseeable actions of co-conspirators. United States v. Diaz, 248 F.3d 1065, 1099 (11th Cir. 2001); United States v. Bell, 137 F.3d 1274, 1274-75 (11th Cir. 1998). Lack of sufficient evidence to support a conviction for aiding and abetting a § 924(c) crime does not foreclose a conviction based on Pinkerton liability "on the basis that it was reasonably foreseeable . . . that a co-conspirator would have a gun." United States v. Rodriguez, No. 13-15110, 2015 WL 249356, at *7 (11th Cir. Jan. 21, 2015).

10

Appellate counsel's failure to appeal whether there was sufficient evidence on the gun charge was reasonable because, notwithstanding Thornton's prior inconsistent statements, Thornton's testimony provided sufficient credible evidence to find beyond a reasonable doubt that Movant used or carried a firearm in relation to the robbery. Additionally, Movant's admitted participation in the robbery, the evidence of the planning and discussion regarding the risks of the robbery, and the evidence that Movant and Thornton carried guns during two practice attempts, provides sufficient evidence to find beyond a reasonable doubt that Movant is guilty based on aiding and abetting Thornton carrying a gun during the robbery. That same evidence is sufficient to find beyond a reasonable doubt that Movant is guilty because it was reasonably foreseeable that Thornton would carry a gun. Thus, Movant's argument that there is insufficient evidence to show that he aided and abetted the § 924(c) crime fails on the merits and fails based on Movant's Pinkerton liability.[7]  See Rodriguez, 2015 WL 249356, at *7.

---

[7] The indictment charges each defendant under § 924(c) as a principal, aided and abetted *by* the other defendants.  (See Resp't Ex. A at 2, ECF No. 198-1).  Further, even if Movant had been indicted only for aiding and abetting a § 924(c) crime, it is permissible for the government to drop an aiding and abetting theory and proceed on a Pinkerton theory after the close of evidence.  See United States v. Myrie, 479 F. App'x 898, 903 (11th Cir. 2012) (citing Diaz, 248 F.3d at 1099-1100), cert. denied, _ U.S. _, 133 S. Ct. 805 (2012).

11

### C. Ineffective Assistance of Trial Counsel

Movant argues that trial counsel was ineffective for failing to call Timothy and Troy Stephens as witnesses, failing to cross-examine witness Price, failing to cross examine witnesses to show that there was no clear identification of the person who possessed the gun (other than by Thornton who benefitted from his testimony), and that cumulatively he was prejudiced by counsel's deficiencies. (Mot. to Vacate at 7-10).

#### 1. Stephenses' Testimony

Petitioner asserts that the Stephenses were willing to testify "concerning the gun" and that he needs time to obtain their affidavits. (Mot. to Vacate at 7). The government responds that Movant's claim fails because, among other things, he has provided no factual allegations as to the content of the Stephenses' possible testimony. (Resp't Resp. at 15-17). In his January 21, 2015, reply, Movant asserts that the Stephenses would have testified that he never carried or possessed a firearm in this case. (Mov't Reply at 11).

The Strickland standard applies. A movant has the burden of affirmatively proving prejudice, and a "conceivable effect" on the proceedings does not show prejudice. Wood v. Allen, 542 F.3d 1281, 1309 (11th Cir. 2008) (quoting Strickland,

12

466 U.S. at 693) (internal quotation marks omitted). If a movant complains of counsel's failure to obtain witnesses, he must "show that witnesses not presented at trial actually were available and willing to testify at time of trial[.]" Gilreath v. Head, 234 F.3d 547, 552 n.12 (11th Cir. 2000) (citing Horsley v. State of Ala., 45 F.3d 1486, 1494-95 (11th Cir. 1995)); see also Hill v. Moore, 175 F.3d 915, 923 (11th Cir. 1999) (holding that absent proffer of evidence that supports claim, the petitioner could not show prejudice based on counsel's failure to introduce such evidence); Martin v. Jamrog, No. 01-CV-74160-DT, 2002 WL 31008956, at *7 (E.D. Mich. 2002) ("[D]efendant has not presented any evidence or offer of proof, either below or on appeal, indicating that any useful information not presented at trial actually exists. Therefore, he has not established the requisite prejudice necessary to prevail on a claim of ineffective assistance of counsel." (citation and internal quotation marks omitted)).

Movant initially argued that the Stephenses would have testified concerning the gun (which he could show if he had additional time to obtain their affidavits) but gave no indication as to what their testimony would have been. Movant now asserts in his January 2015 reply that the Stephenses would testify that Movant never carried a gun in this case. Despite having had additional time (over nine months since Movant filed his April 2014 motion to amend) in which to obtain support for his claim, Movant

13

provides nothing concrete to show that the Stephenses would indeed have been willing and available to testify that Movant never carried a gun in this case.[8] Absent a concrete showing regarding the alleged testimony that counsel could have presented, there is no ineffective assistance of counsel for failing to obtain that testimony. Additionally, this claim is also defeated because prejudice is lacking based on Movant's aiding and abetting and Pinkerton liability, discussed earlier.

### 2.     Cross-examination of Price and Other Witnesses

At trial, Deborah Lane Goddard, driver of the armored truck, testified that she did not see either robber with a gun and that, after the robbery, Price, the truck messenger, came out of the building with his gun drawn and came to the door of the truck (but did not knock on the door of the truck). (Resp't Ex. N at 23-25, 31-32). Price testified that when he came out of the building, after the robbery, he had his gun drawn and went to the driver's side of the armored vehicle. (Id. at 146).

---

[8]This lack of proof is especially telling given the fact that the Stephenses were pending trial and/or sentencing at the time on the charged offenses and would have had to waive their Fifth Amendment rights. (See Resp't Exs. A, O, S, ECF Nos. 198-1, 198-15, 198-19).

14

Taylor, production supervisor at the DeKalb Medical Center, testified that she realized a robbery was occurring when she saw a man with a gun in his hand banging on the door of the armored truck, that she thought it was the passenger's side, that she could not see his face, and that he was wearing a sweater with a hood. (Id. at 33, 35-36). On cross examination, counsel asked, "were you able to see the face of the person who was in your words banging on the door?" (Id. at 46). Taylor confirmed that she could not. (Id.).

Lencrerot testified that she saw one robber with a gun, that she did not see his face, and that he was wearing dread locks, which could have been his own or part of the mask he was wearing. (Id. at 51-54). Lawson testified that he could not see the face of the robber, who he saw holding a gun and who was wearing a "mask like Halloween[.]" (Id. at 60).

Movant argues that trial counsel was ineffective for failing to cross-examine Price and failing to cross examine other witnesses[9] to show that there was no clear identification of the person who possessed the gun, other than by Thornton who

---

[9]Those witnesses apparently would be Taylor, Lencrerot, and Lawson, the only witnesses other than Thornton who testified to seeing a person with a gun.

15

benefitted from his testimony.[10]  (Mot. to Vacate at 7-10).  Movant argues that if counsel had asked whether these witnesses had seen the face of the person with the gun it would have shown that they could not identify Movant as the person with the gun. (Id. at 10).  Movant also argues that had counsel cross-examined Price on what he was wearing the day of the robbery it would have shown that Price was likely the person with the gun that Taylor saw near the side of truck and eliminated her testimony as evidence that she saw a robber with a gun.  (Id. at 8-9; Mot. to Amend, Attach. B).

The Strickland standard again applies.  Counsel *did* cross examine Taylor and, as a result, Taylor reconfirmed that she could not see the face of the person whom she saw with the gun.  Further, both Lencrerot and Lawson testified that they did not see the face of the robber with a gun.  Counsel's lack of cross-examination to reconfirm that they did not see the face of the robber with the gun was objectively reasonable as it would not have added to the facts already before the Court.  See Gordon, 518 F.3d at 1301-02 ("When we can conceive of a reasonable motivation for counsel's actions,

---

[10] Movant also argues that counsel should have exposed "these witnesses reason for testisfying [sic].  There was a 50,000 dollar reward for any leads to the arrest of persons involved." (Mot. to Vacate at 10).  The Court is aware of no monetary reward to witnesses for testifying and finds no ineffectiveness on this issue.  Additionally, the trial court was aware that Thornton was testifying in the hope of receiving a benefit and this Court finds that Movant was not prejudiced by any failure to additionally cross-examine Thornton on that matter.  (See Resp't Ex. N at 115).

16

we will deny a claim of ineffective assistance without an evidentiary hearing."). Had a different cross-examination of Price made it clear that Price was the person seen by Taylor, the outcome would have been the same because other evidence was sufficient to find Movant guilty under § 924(c). Movant fails to show that counsel was ineffective in regard to cross examination.

### 3. Cumulative Error

Movant argues that cumulatively he was prejudiced by trial counsel's deficiencies. (Mot. to Amend, Attach. D).

In cases where "counsel is charged with multiple errors . . . prejudice may result from the cumulative impact of multiple deficiencies." Cooper v. Fitzharris, 586 F.2d 1325, 1333 (9th Cir. 1978) (en banc). To succeed on a claim of cumulative error by counsel, Movant must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694 (emphasis added). Thus, a movant must demonstrate that counsel's performance was professionally unreasonable on the individual claims and that, together, those errors prejudiced him.

As shown in the preceding discussion, particularly in regard to Movant's aiding and abetting or Pinkerton liability, Movant cannot show prejudice.

17

## IV. Certificate of Appealability (COA)

Pursuant to Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." To satisfy that standard, a movant must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Lott v. Attorney Gen., 594 F.3d 1296, 1301 (11th Cir. 2010) (quoting Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)) (internal quotation marks omitted).

It is recommended that a COA is unwarranted because the recommended result is not reasonably debatable. If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

## V. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that Movant's motion to vacate, as amended [191, 192], be **DENIED**, and that a COA be **DENIED**.

The Clerk of Court is **DIRECTED** to withdraw the referral of this § 2255 motion to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED** this 5th day of February, 2015.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE