FILED IN CHAMBERS
U.S.D.C. - Atlanta

MAY 08 2015

James N. Hatten, Clerk
By: AMCauley

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DEVORIOUS MONTEZ WOODEN JONES,<br>    Movant, | : | MOTION TO VACATE<br>28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL INDICTMENT NO.<br>1:10-CR-0453-ODE-JFK-4 |
| | : | |
| UNITED STATES OF AMERICA,<br>    Respondent. | : | CIVIL FILE NO.<br>1:14-CV-1000-ODE-JFK |

## ORDER ADOPTING MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

The matter is before the Court on Movant's 28 U.S.C. § 2255 motion to vacate, as amended [191, 192];[1] Magistrate Judge Janet F. King's Final Report and Recommendation ("R&R"), which recommends denying the § 2255 motion and a certificate of appealability ("COA") [202]; and Movant's objections [207].

In reviewing a Magistrate Judge's Report and Recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C.

---

[1] Movant's second motion for an extension of time in which to file a § 2255 motion [191] was construed as a motion to vacate and his subsequently filed motion [192] was construed as a motion to amend, which was granted in part to allow his claim of cumulative error. (Order of Sept. 26, 2014, at 5, ECF No. 196.)

§ 636(b)(1). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," id., and "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b).

## I. Discussion

Movant was convicted of conspiracy to commit armed robbery, in violation of 18 U.S.C. § 1951(a), and using and carrying a firearm in relation to a crime of violence, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A). (See R&R at 2, ECF No. 202.) Movant pleaded guilty to the conspiracy count, and he does not contest that he, Okevilibus Thornton, and Timothy and Troy Stephens jointly planned the robbery and that in October 2010 he and Thornton jointly participated in the robbery of a Loomis Armored Truck while it was stopped at the DeKalb Medical Center in Decatur, Georgia. (Id.) Movant, however, did contest the gun charge and proceeded to a bench trial on the § 924(c) count.

The trial evidence included testimony by Deborah Lane Goddard, driver of the armored truck; Theo J. Price, the armored truck messenger; Jacquelyn Taylor, production supervisor at the DeKalb Medical Center; Brenda Lencrerot, a food service

hostess with the DeKalb Medical Center; Ephraim Lawson, Chef for the DeKalb Medical Center; Thornton, co-conspirator and Loomis employee; and Cynthia J. Myers, Federal Bureau of Investigations Special Agent. (See R&R at 6-7, 14-15.)

> Taylor, production supervisor at the DeKalb Medical Center, testified that she realized a robbery was occurring when she saw a man with a gun in his hand banging on the door of the armored truck, that she thought it was the passenger's side, that she could not see his face, and that he was wearing a sweater with a hood. . . . On cross examination, counsel asked, "were you able to see the face of the person who was in your words banging on the door?" . . . Taylor confirmed that she could not.

(R&R at 15 (citations omitted).)

> . . . Lencrerot, a food service hostess with the DeKalb Medical Center, who observed the robbery from a second story window, testified that it looked like the robber with dread locks was carrying a gun when he came out of the armored vehicle carrying money bags. . . . Lawson, Chef for the DeKalb Medical Center, who observed the robbery transpiring within several feet of where he was standing before he ran back inside the building, testified that he saw one of the robbers watching with a gun in his hand.

(R&R at 6 (citation omitted).) Both Lencrerot and Lawson testified that they could not see the face of the robber with the gun. (R&R at 15.)

> . . . Goddard, driver of the armored truck, testified that she did not see either robber with a gun and that, after the robbery, Price, the truck messenger, came out of the building with his gun drawn and came to the door of the truck (but did not knock on the door of the truck). . . . Price

> testified that when he came out of the building, after the robbery, he had his gun drawn and went to the driver's side of the armored vehicle. . . .

(R&R at 14 (citations omitted).)

> Thornton, co-conspirator and Loomis employee, testified that he pleaded guilty to possessing a firearm during the commission of the robbery at issue; that Movant became involved in the planning approximately two weeks before the robbery; that he and Movant both possessed guns when they twice unsuccessfully attempted a robbery of the truck before the actual robbery; that he and Movant both possessed guns during the actual robbery; that he saw Movant holding his gun during the robbery; and that Movant was wearing his hair in dread locks on the day of the robbery. . . . Thornton testified that Loomis drivers and messengers are required to be armed while working and that he discussed with his co-conspirators, including Movant, the risk of being shot during the robbery. . . . Thornton admitted that he had not initially been truthful about the guns "[b]ecause I didn't want to get charged with no gun." . . . On cross-examination, Thornton admitted that previously he stated to the police that he had told his codefendants that a gun would not be necessary, that he had left his gun in the u-haul (the vehicle they drove to the robbery), and that Movant did not have a gun. . . .
>
> . . . Myers, Federal Bureau of Investigation Special Agent, testified that Movant informed her that he had agreed the night before the robbery to participate in the robbery and went out and bought a handgun, that he did participate in the robbery the next day, but that he did not use the gun. . . .

(R&R at 6-7 (citations omitted).)

4

The Court found Movant guilty on the § 924(c) count and imposed consecutive sentences of forty-six and eighty-four months.[2] (R&R at 2; Sentencing Tr. at 12, 18, ECF No. 175.)

Movant sought a new trial on the grounds that the verdict was against the weight of the evidence, and the Court denied that motion, finding that there was sufficient evidence to support the outcome. (Sentencing Tr. at 2.) Movant appealed the court's sentencing finding that he brandished a firearm, the reasonableness of his sentence, and the court's failure to give him a reduction for acceptance of responsibility. See United States v. Jones, 498 F. App'x 900, 901-02 (2012). The Eleventh Circuit Court of Appeals affirmed. Id. On March 25, 2013, the United States Supreme Court denied *certiorari*. Jones v. United States, _ U.S. _, 133 S. Ct. 1652 (2013).

In his § 2255 motion, Movant has asserted that (1) appellate counsel was ineffective for failing to inform him when the United States Supreme Court denied *certiorari*, (2) appellate counsel was ineffective for failing to challenge the sufficiency

---

[2] Section 924(c)(1)(A)(ii) requires a term of imprisonment of not less than seven years (eighty-four months) if the firearm is brandished.

of the evidence on the § 924(c) charge, (3) trial counsel was ineffective for failing to call the Stephenses as witnesses, (4) trial counsel was ineffective for failing to cross examine witnesses to show that there was no clear identification of the person who possessed the gun, and (5) cumulative error by trial counsel. (See R&R at 3.)

### A. Ineffective Assistance of Appellate Counsel for Failing to Inform Movant in a Timely Manner that the United States Supreme Court had Denied *Certiorari*

In his first § 2255 ground for relief, Movant argues that appellate counsel was ineffective for failing to inform him when the United States Supreme Court denied *certiorari*, which Movant asserts he did not discover until approximately one month before his § 2255 motion was due, thereby limiting his ability to file a proper § 2255 motion. (Mot. to Vacate at 2-3, ECF No. 191). The Magistrate Judge found that Movant complained of counsel's performance on this matter only as it related to the effect on his collateral rights and that the claim, therefore, failed because Movant has no constitutional right to counsel in relation to his collateral rights. (R&R at 5.)

Movant objects, but provides no argument as to why the Magistrate Judge's finding and recommendation is incorrect. (Objections at 1, ECF No. 207.) Absent a specific objection, the Court has reviewed this issue for clear error and finds none.

B. **Ineffective Assistance of Appellate Counsel for Failing to Challenge the Sufficiency of the Evidence on the § 924(c) Gun Charge**

In his second ground for relief, Movant argues that his appellate counsel's failure to challenge the sufficiency of the evidence on the gun charge was ineffective because (1) there was not sufficient evidence to show that Movant used a gun; (2) Thornton's admission and all the evidence pointed to Thornton as the person who used a gun; (3) Movant did not know that Thornton would carry a gun and Thornton's initial statements (which he contradicted at trial) support that Movant did not know Thornton would carry a gun; and (4) it was not reasonably foreseeable that Thornton would carry a gun.[3] (See R&R at 7-9.)

The Magistrate Judge found as follows --

> Appellate counsel's failure to appeal whether there was sufficient evidence on the gun charge was reasonable because, notwithstanding Thornton's prior inconsistent statements, Thornton's testimony provided sufficient credible evidence to find beyond a reasonable doubt that Movant used or carried a firearm in relation to the robbery. Additionally, Movant's admitted participation in the robbery, the evidence of the planning and discussion regarding the risks of the robbery, and the evidence that Movant and Thornton carried guns during two practice attempts, provides sufficient evidence to find beyond a reasonable doubt that Movant is guilty based on aiding and abetting Thornton carrying a

---

[3] To the extent that Movant attempts to challenge appellate counsel's assistance on the Court's sentencing finding that he brandished a gun, appellate counsel *did* raise that issue on appeal and, therefore, was not deficient in regard thereto.

> gun during the robbery. That same evidence is sufficient to find beyond a reasonable doubt that Movant is guilty because it was reasonably foreseeable that Thornton would carry a gun. Thus, Movant's argument that there is insufficient evidence to show that he aided and abetted the § 924(c) crime fails on the merits and fails based on Movant's Pinkerton[4] liability.

(R&R at 11.)

Movant objects because (1) the Magistrate Judge unduly credited Thornton's statement that he advised his co-conspirators on the risk of being shot; (2) Thornton initially had stated that Movant did not have a gun and then contradicted himself; and (3) Movant never knew Thornton would carry a gun and, therefore, cannot be held liable under Pinkerton. (Objections at 2-6.) Movant also objects on the grounds that counsel's failure to raise the issue (as specifically requested by Movant) – counsel's procedural default – was deficient and presumptively prejudicial, as stated in cases that review counsel's failure to file a requested appeal. (Id.)

Under the Sixth Amendment, a criminal defendant possesses a right to reasonably effective legal assistance. Strickland v. Washington, 466 U.S. 668, 687 (1984). To succeed on a claim of ineffective assistance of appellate counsel under Strickland, the movant must demonstrate deficient performance by counsel and

---

[4]Pinkerton v. United States, 328 U.S. 640, 647-48 (1946) (extending criminal liability for reasonably foreseeable crimes committed in furtherance of a conspiracy).

demonstrate that, if counsel had not performed deficiently, there is a reasonable probability that the appellate outcome would have been favorable to the movant. See Ferrell v. Hall, 640 F.3d 1199, 1236 (11th Cir. 2011).

Movant's objection based on presumed prejudice is without merit. Movant incorrectly relies on cases that find deficiency and presumed prejudice when counsel completely fails to file an appeal as specifically directed. There is no presumed prejudice based on counsel's failure to raise a particular claim on appeal. Compare Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) ("[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."), and Gomez-Diaz v. United States, 433 F.3d 788, 790 (11th Cir. 2005) (stating that it is well settled that prejudice is presumed when counsel disregards a client's specific instructions to file an appeal), with Dell v. United States, 710 F.3d 1267, 1281 (11th Cir. 2013) ("'[G]ood advocacy requires winnowing out some arguments . . . to stress others.' . . . Thus, it is quite difficult to establish that the omission of any particular argument resulted in ineffective assistance . . . ." (quoting Chandler v. United States, 218 F.3d 1305, 1319 (11th Cir. 2000))), cert. denied, _ U.S. _, 134 S. Ct. 1508 (2014), and Eagle v. Linahan, 279 F.3d 926, 940 (11th Cir. 2001) ("[T]he Sixth Amendment does not require appellate attorneys to press every

9

non-frivolous issue that the client requests to be raised on appeal, provided that counsel uses professional judgment in deciding not to raise those issues.").

Additionally, it was up to the fact-finder, here the Court, to weigh the evidence and witness credibility, and the evidence presented was sufficient to support Movant's conviction under § 924(c). There was more than sufficient evidence to show that a robber carried a gun during the robbery. Further, evidence shows that Movant helped plan the robbery, that weapons were discussed during the planning, that weapons were used during two unsuccessful attempts in which Movant participated, and that Movant admitted to an agent that he bought a gun the day before the robbery. At a minimum, this evidence shows that it was reasonably foreseeable that Thornton would use or carry a gun, for which Movant would be liable under <u>Pinkerton</u>. The Court finds no error in the Magistrate Judge's recommendation that Movant fails to show that appellate counsel was ineffective in failing to argue that the § 924(c) evidence was insufficient.

C.    **Ineffective Assistance of Trial Counsel**

In his third ground for relief, Movant argues that trial counsel was ineffective for failing to call the Stephenses as witnesses to testify that Movant never carried a gun in this case; failing to cross-examine Price to show that Taylor had seen Price (not

10

a robber) with a gun; and failing to cross examine Taylor, Lencrerot, and Lawson to show that there was no clear identification (other than by Thornton) of the robber who possessed the gun. (See R&R at 12, 15-16 n.9.)

The Magistrate Judge found that there was no concrete showing that the Stephenses would indeed have been willing and available to testify that Movant never carried a gun in this case and that, based on Movant's aiding and abetting and Pinkerton liability, he would not otherwise be able to show prejudice. (R&R at 14.) The Magistrate Judge found that evidence already showed that Taylor, Lencrerot, and Lawson had not seen the face of the robber with the gun and that any failure by counsel to cross-exam and reconfirm that fact was not deficient as it would not have added to the facts already before the Court. (Id. at 16.) Further, the Magistrate Judge found that even if Taylor saw Price, not a robber, with a gun, the evidence was otherwise sufficient to find Movant guilty under § 924(c). (R&R at 17.) The Magistrate Judge concluded that Movant had not shown that trial counsel was ineffective. (Id.)

Movant objects because he has been unable to contact the Stephenses and asserts that, if the Court held an evidentiary hearing, he would be able to show that he never possessed a gun. (Objections at 6-8.)

11

Strickland again applies, and to show constitutionally ineffective assistance of counsel, a petitioner must establish that (1) counsel's representation was deficient and (2) counsel's deficient representation prejudiced him. Strickland, 466 U.S. at 690-92.

Movant's objection fails because, even if the Stephenses testified that they never saw Movant with a gun, the other evidence before the Court – reviewed above – would have been more than sufficient to find Movant guilty based on Thornton's admission that he carried a gun during the robbery, which the evidence shows should have been reasonably foreseeable to Movant. Thus, Movant fails to show prejudice. Otherwise the Court finds no clear error in the Magistrate Judge's recommendation on this ground.

### D. Cumulative Error

In his fourth ground for relief, Movant argues that cumulatively he was prejudiced by counsel's deficiencies. (See R&R at 17). The Magistrate Judge found that to succeed Movant would have to demonstrate that counsel's performance was professionally unreasonable on the individual claims and that, together, those errors prejudiced him. (Id.) The Magistrate Judge then found that based on Movant's aiding and abetting or Pinkerton liability, he could not show prejudice. (R&R at 17.)

Movant objects based on his previous argument that prejudice should be presumed. (Objections at 9.) As discussed earlier, Movant shows no grounds for presumed prejudice. Otherwise, the Court finds no clear error in the Magistrate Judge's recommendation on ground four.

## II. Conclusion

**IT IS ORDERED** that Movant's objections [207] are overruled and that the Magistrate Judge's Report and Recommendation [202] is **ADOPTED** as the Order of the Court.

**IT IS FURTHER ORDERED** that this § 2255 motion, as amended [191, 192], and a COA are **DENIED**.

**IT IS SO ORDERED** this 8 day of May, 2015.

_____
ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)